98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin James BLAKE, Plaintiff-Appellant,
v.
Peggy KERNAN, Warden; A.C. Newland, Chief Deputy Warden;
J. Silva, Associate Warden; E. Terry, Correctional
Lieutenant; C/O Bickle, Correctional Lieutenant; M.
Loftin, Correctional Counselor II; R. Stanich, Correctional
Counselor II; B. Welch, Correctional Counselor II; C/O
Hall, Correctional Sergeant, Defendants-Appellees.
 No. 95-16676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin James Blake, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Blake's 42 U.S.C. § 1983 action alleging that prison officials deprived Blake of his right to due process during disciplinary hearings which led to Blake's placement in administrative segregation based upon a finding that he was guilty of engaging in a physical altercation with his cellmate, Luna. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 4
 Blake contends that the defendants' determination to segregate Blake did not comply with the procedures required by the due process clause.
 
 
 5
 When prison officials initially determine that a prisoner should be put in administrative segregation, due process only requires: (1) an informal nonadversary hearing within a reasonable time after the prisoner is segregated; (2) that prison officials inform the prisoner of the charges; and, (3) that the prisoner be allowed to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 6
 Here, it is undisputed that on February 23, 1993, Blake was placed in administrative segregation and that defendant Terry issued Blake a disciplinary infraction form which informed Blake that he was suspected of being in a physical altercation. Informal hearings which reviewed Blake's segregation were held on March 1, 1993 by defendant Loftin, on March 3, 1993 by the Institutional Classification Committee ("ICC"), and on March 16, 1993 by defendant Bickle. Blake had the opportunity to present his views at all the hearings. Thus, prison officials complied with the procedures required by due process. See Toussaint, 801 F.2d at 1100.
 
 
 7
 Blake's allegations that he was not told of his right to staff assistance or to present witnesses at the disciplinary hearing; that Loftin lacked the appropriate rank to conduct Blake's initial disciplinary hearing; and that the defendants did not follow prison guidelines for filing confidential information are insufficient to state a due process claim. See Toussaint, 801 F.2d at 1100-01.
 
 
 8
 Next, Blake contends that the defendant's decision to segregate him was not based on reliable information.
 
 
 9
 Due process is satisfied when the disciplinary committee's decision is supported by "some evidence." Superintendent, Massachusets Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). When the committee relies on an unidentified inmate's information, due process is satisfied where the record contains "some factual information from which the committee can reasonably conclude that the information was reliable, and ... a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name." Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988); see also Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987) (requiring "some indicia of reliability").
 
 
 10
 Here, the prison official's decision to keep Blake in administrative segregation was based upon confidential information that Terry obtained from Luna, who identified Blake as the person with whom he fought. Terry determined that Luna's information was reliable because part of Luna's statements had proved to be true and because Luna incriminated himself by divulging his involvement in the fistfight. In response to Blake's third level administrative appeal, the chief of the inmate appeal branch found that Luna's information was reliable based upon the circumstances of the incident which indicated that Blake, as Luna's cellmate, had access to Luna. Terry affirmatively stated that the information should remain confidential in order to protect Luna's safety.
 
 
 11
 Prison officials' decision to segregate Blake did not violate due process because it was based upon "some evidence," and because the information prison officials relied upon contained some indicia of reliability and was kept confidential based upon safety considerations.[1] See Hill, 472 U.S. at 455; Zimmerlee, 831 F.2d at 186.
 
 
 12
 We do not consider Blake's contention that prison officials knowingly exposed Blake to assault from Hispanic and Native-American inmates because it is raised for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 13
 Because Blake did not show that prison officials actually deprived him of his civil rights, Blake's section 1983 conspiracy claim lacks merit. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir.1989). Finally, Blake's contention that the district court should have allowed him to amend his complaint lacks merit because Blake never sought leave to amend his complaint.
 
 
 14
 Accordingly, the district court did not err by granting summary judgment for the defendant prison officials.[2]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we determine that Blake's disciplinary hearings satisfied the requirements of due process, we do not address the issue of whether Blake had a liberty interest in remaining free of administrative segregation. Cf. Sandin v. Conner, 115 S.Ct. 2293 (1995) (delineating the contours of a prisoner's liberty interest protected by the due process clause)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal